IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM T. WINDSOR, § 
§ 
Defendant Below, § No. 442, 2018
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID Nos. 1212009736A,
§ 1212009736B
Plaintiff Below, § 
Appellee. § 

Submitted: January 9, 2019
Decided: January 23, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal,[1] it appears to the Court that:

(1) The appellant, William Windsor, appeals from the Superior Court's order denying his second motion for postconviction relief under Superior Court Criminal Rule 61. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Windsor's opening brief that the appeal is without merit. We agree and affirm.

---

[1] Windsor's motion for leave to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

(2) On February 18, 2013, Windsor was charged in a 160-count indictment with various sex offenses committed over a period of years against two victims ("Victim 1" and "Victim 2"). At Windsor's request, the Superior Court severed the indictment into two cases, Case A and Case B. Case A consisted of 151 counts relating to Victim 1, and Case B consisted of nine counts relating to Victim 2.

(3) On the morning that jury selection was scheduled to begin, the State offered amended indictments reducing the number of counts in Case A from 151 to twelve and in Case B from nine to eight. Later that same day, Windsor pleaded guilty to one count of Rape in the Second Degree in Case A and pleaded no contest to one count of Continuous Sexual Abuse of a Child in Case B. In exchange for Windsor's plea, the State agreed to dismiss the rest of the indicted offenses in both cases.

(4) At sentencing on December 13, 2013, Windsor told the Superior Court that he wanted to file a motion to withdraw the guilty plea. The Superior Court refused to hear the motion because it was untimely and because Windsor was represented by counsel with whom Windsor had not discussed the motion. After finding several aggravating factors, the Superior Court sentenced Windsor to a total of fifty years of imprisonment at Level V, twenty-five years for each offense, suspended after a total of twenty-two years for decreasing levels of supervision.

(5)     On direct appeal, Windsor's counsel filed a no-merit brief under Supreme Court Rule 26(c).  Windsor submitted several issues that he wanted the Court to consider, including that the 160-count indictment was multiplicitous and designed to coerce him to plead guilty, and that the Superior Court had erroneously refused to consider his motion to withdraw the guilty plea.  This Court rejected Windsor's claims and affirmed the Superior Court's judgment.[2]

(6)     In February 2015, Windsor filed a motion for postconviction relief under Rule 61 and requested the appointment of counsel.  Windsor's postconviction motion reiterated the issues that he had raised on direct appeal and raised several additional issues, including that his guilty plea was involuntary because he did not have effective assistance of counsel.  The Superior Court denied the motion, and this Court affirmed on appeal.[3]

(7)     Windsor filed a second motion for postconviction relief on June 19, 2018, and the Superior Court denied the motion on July 19, 2018.  The Superior Court held that the motion was procedurally barred by Superior Court Criminal Rule 61.  Windsor now appeals to this Court.

(8)     We affirm.  Windsor has not overcome the procedural bars that are set forth in Rule 61.[4]  Under Rule 61, "a second or subsequent motion for postconviction

---

[2] *Windsor v. State*, 2014 WL 4264915 (Del. Aug. 28, 2014).
[3] *Windsor v. State*, 2015 WL 5679751 (Del. Sept. 25, 2015).
[4] *See* SUPER. CT. CRIM. R. 61(i)(1)-(4); SUPER. CT. CRIM. R. 61(d)(2).

3

relief will be summarily dismissed, unless the movant was convicted after trial and pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable."[5]

(9)     Because Windsor was not convicted after trial, but instead pleaded guilty to one charge and no contest to another, he cannot proceed under the exceptions to repetitive motions in Rule 61(d)(2) that he seeks to invoke.[6]  By pleading guilty, Windsor waived his right to present evidence in his own behalf.[7]  Moreover, in the absence of clear and convincing evidence to the contrary, he is bound by the representations he made at his plea colloquy.[8]

(10)   Windsor's contention that he should be permitted to withdraw his guilty plea because he did not know that the indictment had been amended and his argument that he was subjected to double jeopardy were raised and rejected in Windsor's prior postconviction proceedings.[9]  Thus, it is clear that Windsor is not

---

[5] *Rowley v. State*, 2016 WL 617451, at *2 (Del. Feb. 15, 2016).

[6] *See* SUPER. CT. CRIM. R. 61(d)(2)(i) ("A second or subsequent motion under this rule shall be summarily dismissed, unless the movant *was convicted after a trial* and the motion . . . pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent . . . .") (emphasis added).  Because he is procedurally barred as a result of pleading guilty and no contest, we do not address whether the ambiguous hearsay affidavits that Windsor has submitted create a strong inference of actual innocence.  The Superior Court found that they did not.

[7] *Smith v. State*, 1996 WL 21050, at *2 (Del. Jan. 5, 1996).

[8] *Id.*; *see also Webb v. State*, 2006 WL 3613635, at *1 (Del. Dec. 12, 2006).

[9] *Windsor*, 2015 WL 5679751, at *3-4.

raising a new rule of constitutional law, and his assertions are barred because they were formerly adjudicated.[10]

NOW, THEREFORE, IT IS ORDERED that the motion for leave to respond to the motion to affirm is DENIED. The motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[10] SUPER. CT. CRIM. R. 61(i)(4).